ADAMS, Justice.
This is an appeal by Aubrey E. Grant and Harris C. Grant from a summary judgment in favor of Southtrust Bank of Baldwin County (“Southtrust”). The Circuit Court of Baldwin County entered judgment against Harris, Aubrey, and the Carl Grant Tractor Company; however, the company is not a party to this appeal. We affirm.
The Carl Grant Tractor Company (“tractor company”), an Alabama corporation, had maintained a banking relationship with Baldwin County Bank for a period of years. It continued that relationship after the bank was purchased and became South-trust Bank of Baldwin County. On March 31, 1983, the tractor company refinanced its outstanding indebtedness of $60,099.00 with Southtrust and executed a note, a security agreement, and a disclosure statement. Approximately 60 days later, South-trust asked Aubrey and Harris to sign “guaranty of payment” forms. Both signed the forms as individuals, without further payment of funds to them or to the tractor company, of which Aubrey was president.
The tractor company refinanced its outstanding debt with Southtrust again on March 13, 1985, in the amount of $42,-849.19, and executed an installment note. When the tractor company defaulted on the 1985 note, Southtrust filed suit against the tractor company and against Aubrey and Harris Grant as individual defendants. Southtrust moved for summary judgment on May 8, 1986. Aubrey and Harris filed a motion for summary judgment, as individual defendants, on June 11, 1986. After the motions had been argued in brief, the circuit court granted summary judgment in favor of Southtrust on July 2, 1986. Aubrey and Harris Grant’s motion to alter, amend, or vacate the judgment was not ruled on by the trial court within 90 days and was, therefore, denied, in accordance with Rule 59.1, Alabama Rules of Civil Procedure.
Aubrey and Harris Grant (the “Grants”) argue that no consideration existed for their signing of the guaranty of payment forms, and that, in the absence of consideration, Ala.Code (1975), § 7-3-408, those guaranties may not be enforced by South-trust. Southtrust argues that the guaranty of payment forms were not executed without consideration, as the Grants contend, but that, even if there had been no consideration, Ala.Code (1975), § 7-3-408, is the applicable law and that that section requires no consideration for “an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind.”
The Grants individually executed the guaranty of payment forms as requested by Southtrust. The guaranty forms provide, in part:
This guaranty is made for the purpose of securing to the principal debtor one or more extensions of credit from, or a line of credit with, the Bank, but the amount of the credit and the terms and conditions and the time of the credit are to be such as the Bank, in its discretion, may deem fit to make. Any and all credit granted by the Bank to the principal debtor and any and all extensions and renewals of debts owing at any time by the principal debtor to the Bank are upon the faith and credit of this guaranty, and are the consideration for the execution of this guaranty. Every term, provision and condition of every note or other evidence of debt and every security agreement and mortgage executed by the principal debtor and delivered to the Bank shall become a part of this obligation as if fully set out herein and shall bind the *916 undersigned as if it were executed by the undersigned as the primary and individual obligation of the undersigned.
The crux of the Grants’ claim against Southtrust is that there was no consideration for the payment guaranties signed by Aubrey and Harris approximately 60 days after the tractor company refinanced its indebtedness in March 1983. We disagree.
The Grants agreed, by signing the guaranty of payment forms, that the “extensions and renewals of debts” provided by Southtrust were “the consideration for the execution of this guaranty.” We recognize that a mere promise to pay an antecedent debt is not generally regarded as consideration. 38 Am.Jur.2d, Guaranty § 45 (1968). We also recognize, however, the following principles:
An extension of the time of payment of an obligation constitutes in legal effect a forbearance to sue and ... is a sufficient consideration for a guaranty of the obligation. Any delay is a detriment or inconvenience to the creditor or obligee and also a benefit to the debtor in that he is afforded further opportunity to meet the obligation, and to support the promise of the guarantor, a consideration moving to him need not be established.
The extension of time need not be for a definite period; if the duration thereof is not expressed, and the creditor forbears for a reasonable time, a guaranty of the debt is based on a sufficient consideration.
38 Am.Jur.2d, Guaranty § 47. Thus, we cannot agree with the Grants that the guaranties they signed are void for lack of consideration.
The Grants argue that the notes of March 1983 and March 1985 were separate from the guaranty of payment forms they executed. Because those guaranties lacked consideration, they contend, neither Aubrey nor Harris Grant can be held liable for the tractor company’s default. South-trust argues that the renewal of the tractor company’s indebtedness in March 1985 would never have occurred if the Grants had not personally guaranteed payment by executing the guaranty of payment forms. The terms of the guaranty of payment forms state specifically that the purpose of the guaranty was to secure “one or more extensions of credit” and that “all extensions and renewals of debts ... are upon the faith and credit of this guaranty.” Appellants’ contention that the guaranties executed by the Grants lacked consideration is incorrect. Southtrust’s promise to renew the indebtedness of the tractor company was secured by the Grants’ guaranties of payment. When the tractor company defaulted on the March 1985 note, Southtrust properly looked to the Grants to honor their obligation to pay the company’s debt.
Having concluded that consideration did exist for the guaranty of payment forms executed by Aubrey and Harris Grant, the applicability of Ala.Code (1975), § 7-3-408, to the facts of this case need not be considered.
The judgment of the Circuit Court of Baldwin County is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.